UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3609 |
| | § | |
| WILLIAM HARRY DADSON, Individually and d/b/a GOLD COAST LOUNGE, and d/b/a/ GOLD COAST LOUNGE & SPORTS BAR, | § § § § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff's request for entry of default and motion for default judgment against William Harry Dadson,[1] individually and doing business as Gold Coast Lounge, and doing business as Gold Coast Lounge & Sports Bar ("Defendants"). Dkts. 10–11. For the following reasons, the request and motion are **GRANTED**.

**I. BACKGROUND**

Plaintiff was a broadcast licensee authorized to sub-license the closed-circuit telecast of the December 11, 2010, Ultimate Fighting Championship 124: Georges St. Pierre v. Josh Koscheck Event, including undercard or preliminary bouts (the "Event"). Dkt. 1 at 2. Plaintiff was licensed to exhibit the Event at closed circuit locations throughout Texas. *Id.* Commercial customers could receive and broadcast the program only through purchase from plaintiff. *Id.* at 3. After receiving sublicense fees, Plaintiff provided these customers with electronic decoding equipment and/or the necessary satellite coordinates to receive the signal. *Id.* The complaint alleges that defendants

---

[1] William Henry Dadson is also known as William H. Dadson.

unlawfully intercepted plaintiff's signal and exhibited the Event to customers in its establishment without having paid the required fees. *Id.* Plaintiff claims that this exhibition violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605, and seeks damages pursuant to those sections. *Id.* This court granted plaintiff's motion for substitute service on March 26, 2014. Dkt. 7. Defendants were served with process on April 7, 2014. Dkt. 8. To date, defendants have not filed a responsive pleading. Plaintiff now moves for entry of default judgment. Dkt. 11. Plaintiff seeks statutory damages, additional damages, attorneys' fees, pre-and post-judgment interest, and a permanent injunction against defendants. Dkt. 1 at 5.

## II. LEGAL STANDARD AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 55, entry of a default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R Civ. P. 55(a). Given defendants' failure to answer the complaint in a timely manner, the court has the authority to accept all well-pleaded facts in the complaint as true and to award relief sought by the plaintiff.

Under Local Rule 5.5, a motion for default judgment must be served upon a defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5. Plaintiff satisfied Local Rule 5.5 by mailing a copy of the request for entry of a default and the motion for default judgment to the defendants via certified mail, return receipt requested. Dkts. 10 at 2, 11 at 11.

Plaintiff alleges violations of both §§ 553 and 605 of the Federal Communications Act of 1934. However, the court has previously determined that a plaintiff cannot recover under both statutes. *J & J Sports Prods., Inc., v. Little Napoli, Inc.*, No. H-13-1237, 2014 WL 3667903, at *3 (S. D. Tex. July 22, 2014) (slip copy). Because plaintiff succeeds on its § 605 claims, the court need

not consider its § 553 claims. The court denies plaintiff's motion for default judgment under § 553 claims as moot.

>Section 605 of the Federal Communications Act provides that:
>
>[n]o person . . . shall intercept any radio communication and divulge or publish the existence, contents, substances, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication . . . for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. §605(a). Section 605 is a strict liability statute and "applies to unauthorized interceptions of signals through radio or satellite, but not cable communications." *J & J Sports Prods, Inc.*, No. H-13-1237 at *2 (citing *J & J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351 (5th Cir. 2014)). To establish liability, plaintiff need only show that 1) the Event was exhibited in defendants' establishment and 2) plaintiff did not authorize the particular exhibition of the Event. *Id.* Plaintiff's pleadings establish both of these elements. Dkt. 1 at 2–3.

47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a plaintiff in an anti-piracy case of at least $1,000 and no more than $10,000, as the court considers just; § 605(e)(3)(C)(ii) allows courts to award additional damages for willful behavior up to $100,000; § 605(e)(3)(B)(iii) mandates that courts award reasonable attorneys' fees and full costs to the party who prevails; and § 605(e)(3)(B)(i) allows courts to grant reasonable temporary and final injunctions to prevent or restrain violations of the law. Plaintiff has requested an award of statutory damages against each in the amount of $10,000; additional damages in the amount of $50,000; attorneys' fees equal to one third of the recovery or $1,500; pre-and post-judgment interest; and a permanent

injunction enjoining any future exhibition of unauthorized or unlicensed programs in violation of § 605. Dkt. 11 at 11.

Plaintiff is entitled to recover the following awards against defendants, jointly and severally, plus post-judgment interest at the rate of .11 percent annually from the date of this judgment until it is paid. Pre-judgment interest will not be paid. The court finds that $5,000 is appropriate to compensate for the violation of § 605. Plaintiff has produced evidence that the Gold Coast Lounge could hold approximately 100 people. Dkt. 1, Ex. A at 30–31. Plaintiff could have charged an establishment of this size $1,100 to exhibit the Event. Dkt. 1, Ex. A at 33. An additional $3,900 is reasonable for statutory damages to deter future violations. Further, $10,000 will be awarded for defendants' willful actions. Attorneys' fees will be awarded in the amount of $1,500, because the court finds that six hours of work at a blended rate of $250 per hour is reasonable. Dkt. 11, Ex. B at 6. Finally, the court finds that plaintiff's request for an injunction pursuant to § 605(e)(3)(B)(i) is reasonable to "prevent or restrain violations" of §605(a) and grants it.

Plaintiff is also entitled to recover the following conditional awards of attorneys☐ fees against the defendants in the following circumstances:

    a.    Ten Thousand Dollars ($10,000.00) in the event a defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in the action;

    b.    Fifteen Thousand Dollars ($15,000.00) in the event a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

    c.    Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of judgment obtained in this action;

    d.       Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of judgment obtained in this action; and

    e.       Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

### III. CONCLUSION

For the foregoing reasons, Joe Hand's motion for default judgment is **GRANTED**, and **FINAL JUDGMENT** is entered in favor of plaintiff and against defendants.

It is so **ORDERED**.

Signed at Houston, Texas on October 8, 2014.

_____
Gray H. Miller
United States District Judge